

# NUMBER 13-17-00451-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF A.M.L. AND L.M.R., MINOR CHILDREN

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Rodriguez**

By one issue, appellant "Mother" (a pseudonym) appeals the termination of her

parental rights to her children A.M.L. and L.M.R.[1]  We affirm.

### I.    BACKGROUND

In September 2015, Mother placed a 911 call to report that she may have injured

L.M.R.  At trial, Mother testified that she suffers from mental disabilities and has severe

---

[1] We refer to appellant and her children by their initials in accordance with the rules of appellate procedure.  *See* TEX. R. APP. P. 9.8(b)(2).

panic attacks which cause her to lose control of herself. She attested that she dropped L.M.R. on a cardboard box when she began to experience an attack. Mother reported that she then removed L.M.R. from the box and placed her in a playpen, but Mother was afraid that she may have dropped L.M.R. on hard, plastic toys, causing injury to L.M.R.

The trial court heard different testimony from Deputy Brian Martin of the Calhoun County Sheriff's Department, who responded to the 911 call. Martin testified that when he arrived at the location of the dispatch, he observed several children moving anxiously in the front yard of a poorly maintained house, one of whom was cradling a baby. Martin explained Mother was standing nearby, and she told officers at the scene that she lifted L.M.R. into the air and then threw her onto a cardboard box in the front yard, and she then threw her into a play pen in a similar manner. According to Martin, Mother told officers that she called 911 because she was afraid that she was going to hurt L.M.R. if she were not arrested. Martin testified, without objection, that the children demonstrated Mother's handling of L.M.R. as a "whipping" motion. An ambulance took L.M.R. to a hospital, and the Department of Family and Protective Services (the Department) later removed her and A.M.L. from Mother's care. Mother was arrested and later pleaded guilty to the offense of injury to a child, for which she was sentenced to ten years' confinement, probated for ten years of community supervision. *See* TEX. PENAL CODE ANN. § 22.04(a) (West, Westlaw through 2017 1st C.S.).

In October of 2015, the Department filed a petition seeking to terminate Mother's parental rights. The trial court instead entered an order which, among other things,

provided that the Department establish a family service plan outlining the various steps Mother needed to take in order to regain custody of her children.

On January 13, 2017 the Department filed an amended petition to terminate Mother's parental rights, as well as the parental rights of the respective fathers of A.M.L. and L.M.R., who do not participate in this appeal. The Department alleged that Mother had not fulfilled the family services plan, which is a ground for termination under Texas Family Code section 161.001(b)(1)(O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O) (West, Westlaw through 2017 1st C.S.). The Department further alleged that Mother committed multiple infractions under other subsections of 161.001(b)(1)—in particular, (C), (D), (E), (K), (L), (N), and (P)—and that termination was in the children's best interest. *See generally id.* § 161.001(b)(1)–(2).

Following a bench trial,[2] the trial court found there to be clear and convincing evidence that Mother committed five infractions under section 161.001(b)(1), in that she:

[1.]   knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(D), Texas Family Code;

[2.]   engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(E), Texas Family Code;

---

[2] The family code imposes certain deadlines on suits filed by the Department that request permanent conservatorship or termination of the parent-child relationship. Under the version of the statute which applied at the time of these proceedings, trial was to be commenced within a year of the first Monday after the removal of the children—a deadline that could be extended no more than 180 days, and only upon a finding that extension of the Department's temporary managing conservatorship was required by extraordinary circumstances and was in the best interest of the children. *See* Act of June 18, 2015, 84th Leg. R.S., ch. 944, §§ 37–38, 2015 Tex. Sess. Law Serv. Ch. 944 (S.B. 206) (current version at TEX. FAM. CODE ANN. § 263.401 (West, Westlaw through 2017 1st C.S.)). Here, the trial court entered the required findings, timely granted an extension, and commenced the bench trial within 180 days. *See id.*

[3.] executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code, pursuant to § 161.001(b)(1)(K), Texas Family Code;

[4.] [has] been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under [Penal Code § 22.04, pursuant to § 161.001(b)(1)(L)(ix), Texas Family Code];

[5.] failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children, pursuant to § 161.001(b)(1)(O), Texas Family Code[.]

*See id.* Mother appeals from the trial court's order of termination.

## II.   TERMINATION OF PARENTAL RIGHTS

In her sole issue, Mother asserts that the trial court erred in terminating Mother's parental rights because she substantially complied with her service plan.

## A.   Applicable Law

The involuntary-termination statute provides two prerequisites for termination: first, the proponent must establish one or more of the recognized grounds for termination, and, second, termination must be in the child's best interest. *In re S.M.R.*, 434 S.W.3d 576, 580 (Tex. 2014) (citing TEX. FAM. CODE ANN. § 161.001(1)–(2)). Because involuntary termination involves fundamental constitutional rights, however, evidence justifying termination must be clear and convincing. *Id.*

"Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best

interest." *In re E.A.G.*, 373 S.W.3d 129, 141 (Tex. App.—San Antonio 2012, pet. denied); *see also In re C.R.T.H.*, No. 13-13-00032-CV, 2013 WL 1876515, at *5 (Tex. App.—Corpus Christi May 2, 2013, no pet.) (mem. op.). "Therefore, to mount a successful challenge on appeal based on evidentiary insufficiency, a party must challenge each affirmative finding of a predicate ground for termination or at minimum challenge the best interest finding." *In re S.N.*, 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.); *see also In re C.R.T.H.*, 2013 WL 1876515, at *5.

## B.   Discussion

Mother asserts that because she substantially complied with her service plan, the trial court erred in finding that she violated subsection (O), which relates to service plans. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O). Even if subsection (O) were the only ground supporting the termination, Mother's argument would have limited prospects of success. As our supreme court put it, "parents have generally had little success arguing substantial compliance to reverse a termination judgment under subpart (O)." *See In re S.M.R.,* 434 S.W.3d 576, 584 (Tex. 2014) (cataloging cases which reject substantial compliance arguments).

However, subsection (O) was not the only statutory violation included in the trial court's findings; the trial court found that there were grounds for termination under subsections (D), (E), (K), and (L), and Mother does not challenge any of these grounds on appeal.[3] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (K) & (L). Nor does

---

[3] In his brief to this Court, counsel for Mother presented just over one page of argument in support of this issue, with citation to two opinions issued more than thirty years ago which relate to this case only in a loose sense. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *Wiley v. Spratlin*, 543 S.W.2d 349, 352 (Tex. 1976).

Mother challenge the trial court's finding that termination was in the children's best interest. *See id.* § 161.001(b)(2). Therefore, Mother has waived any complaint about the sufficiency of the evidence to support these findings. *See Toliver v. Tex. Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102–03 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that a parent who challenged only one of four statutory grounds found by the trial court to support termination waived any complaint about the sufficiency of the evidence to support the unchallenged findings); *see also In re C.R.T.H.*, 2013 WL 1876515, at *4 (holding that a brief by Mother's appellate counsel waived a parent's challenge to the permanent dissolution of parental rights by failing to address all grounds for termination); *In re J.M.R.*, No. 13-11-00760-CV, 2012 WL 2160342, at *1–2 (Tex. App.—Corpus Christi June 14, 2012, no pet.) (mem. op.) (same); *In re M.L.N.*, No. 13-10-588-CV, 2011 WL 1706741, at *5 (Tex. App.—Corpus Christi May 5, 2011, no pet.) (mem. op.) (similar).

When paired with the trial court's unchallenged finding that termination was in the best interest of the child, any of the four unchallenged predicate findings will support the order of termination. *See In re E.A.G.*, 373 S.W.3d at 141; *see also In re C.R.T.H.*, 2013 WL 1876515, at *5. Accordingly, we need not address Mother's argument concerning the sufficiency of the evidence under subsection (O). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("[B]ecause Puig does not challenge the sufficiency of the evidence supporting subsection Q or the finding that termination was in his children's best interest, we need not reach any other issues raised by Puig."); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.) ("Because

6

any of the three unchallenged findings will support the order of termination, it is unnecessary to review Saenz's factual sufficiency arguments."); *see also In re C.R.T.H.*, 2013 WL 1876515, at *5.   We overrule Mother's sole issue on appeal.

### III.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 21st
day of December, 2017.